**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re RICHARD ANNUNZIATA,<br><br>Debtor, | Bankruptcy Action No. 15-28996 (CMG) |
| RICHARD ANNUNZIATA,<br><br>Plaintiff,<br><br>v.<br><br>PUTNAM AT TINTON FALLS, LLC et al.,<br><br>Defendants. | Adversary Proceeding No. 15-2272 (CMG) |
| RICHARD ANNUNZIATA,<br><br>Appellant,<br><br>v.<br><br>PUTNAM AT TINTON FALLS, LLC,<br><br>Appellee. | **ON APPEAL FROM THE BANKRUPTCY COURT OF THE DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 20-4943 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon pro se Appellant Richard Annunziata's ("Debtor") appeal from the Bankruptcy Court's Order for Final Judgment, entering a judgment for non-dischargeable damages against Annunziata in the amount of $3,050,000 and awarding

attorneys' fees and costs against Annunziata in the amount of $114,570.27 (Bankr. ECF No. 362[1] ("Order for Final Judgment")). (Notice of Appeal, ECF No. 1.)[2] Putnam at Tinton Falls, LLC ("Putnam") opposed (ECF No. 6), and Debtor did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Debtor's appeal and affirms the Bankruptcy Court's Order for Final Judgment.

I. **BACKGROUND**

As the parties are familiar with the factual and procedural history of this matter, the Court recites only those facts necessary to resolve the instant appeal. On February 6, 2015, Debtor filed for Chapter 13 bankruptcy in the Southern District of New York. The proceeding was converted to a Chapter 11 bankruptcy and transferred to the District of New Jersey. (Summ. J. Order 1–2, Bankr. ECF No. 303.) Debtor then filed an adversary proceeding against Putnam. (Bankr. No. 15-2272.) Several claims and counter-claims were resolved through summary judgment and/or settlement and the only remaining issue for the Bankruptcy Court was Putnam's counterclaim against Debtor, seeking the entry of a monetary judgment against Debtor and a ruling that the judgment was not dischargeable in bankruptcy. (Summ. J. Order 3.)

On the parties' cross-motions for summary judgment, the Bankruptcy Court found that the debt was non-dischargeable under 11 U.S.C. § 523(a)(2), (4), and (6), as Debtor's actions involved

---

[1] Citations to the bankruptcy docket refer to the adversary proceeding, 15-2272, unless otherwise specified.

[2] Debtor also purports to appeal from the Bankruptcy Court's Letter Decision Concerning Attorneys' Fees (ECF No. 361.) As the Bankruptcy Court's Order for Final Judgment is the final dispositive Order in the adversary proceeding and orders both the judgment for non-dischargeable damages and the award of attorneys' fees as laid out in the Bankruptcy Court's Letter Decision Concerning Attorneys' Fees, the Court will construe this action as an appeal of the Bankruptcy Court's Order for Final Judgment.

2

fraud and intent to cause willful and malicious injury, or at the very least a defalcation while acting in a fiduciary capacity. (*Id.* at 7–14.) The Bankruptcy Court entered judgment as to liability in Putnam's favor, but did not enter judgment as to the amount of the claim at that time. (*Id.* at 14.)

Debtor then moved for reconsideration of the Bankruptcy Court's summary judgment decision. The Bankruptcy Court denied the Motion for Reconsideration. (Bankr. ECF No. 318.) Debtor subsequently appealed to this Court from the order denying reconsideration. (Bankr. ECF No. 321; 17-5733 ("First Appeal"), ECF No. 1.) This Court affirmed the Bankruptcy Court's entry of summary judgment as to liability on the merits. (First Appeal, ECF No. 9.) Debtor then appealed to the Third Circuit. The Third Circuit found that the Bankruptcy Court's order entering summary judgment as to liability was not final for purposes of this Court's appellate jurisdiction under 28 U.S.C. § 158(a)(1) and remanded for this Court to dismiss Debtor's appeal. *In re Annunziata*, 778 F. App'x 187, 190 (3d Cir. 2019). Based on the Third Circuit's decision, this Court dismissed Debtor's prior appeal for lack of appellate jurisdiction and remanded the matter to the Bankruptcy Court. (First Appeal, ECF No. 15.)

After review of the parties' submissions, the Bankruptcy Court set the non-dischargeable damages owed by Debtor to Putnam at $3,050,000, consisting of (1) a $1,500,000 judgment entered in the Superior Court of New Jersey; (2) $1,062,246.58 in interest based on the terms of a note between Debtor and YFM Tinton, LLC; (3) $237,735.42 in partial attorneys' fees; and (4) $250,000 in punitive damages. (Letter Decision as to Damages 6–13, Bankr. ECF No. 359.) The Bankruptcy Court also ordered Putnam to file an additional submission itemizing its attorneys' fees from the related state foreclosure action. (*Id.* at 10.) After review of Putnam's additional submission regarding its fees and expenses, the Bankruptcy Court awarded an additional non-dischargeable award of $114,570.27. (Suppl. Letter Decision Concerning Attorneys' Fees, Bankr.

ECF No. 361.) The Bankruptcy Court entered an Order for Final Judgment providing non-dischargeable damages against Debtor in the amount of $3,050,000, and awarding attorneys' fees and costs against Debtor in the amount of $114,570.27. (Order for Final Judgment 2.) Debtor now appeals from the Bankruptcy Court's Order for Final Judgment. (Notice of Appeal 1; *see* Bankr. ECF No. 364.)

## II. LEGAL STANDARD

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a)(1). The standard of review for bankruptcy court decisions "is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). Findings of fact are reviewed under a "clearly erroneous" standard, where factual findings may only be overturned "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (internal quotation marks and citation omitted). Legal conclusions, on the other hand, are subject to de novo, or plenary, review by the district court. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). If it is alleged that the bankruptcy court abused its discretionary authority, the district court may only inquire whether the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987).

It is well-settled that pro se pleadings are to be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers'" (citations omitted)). Pro se litigants, nevertheless, "still must allege sufficient

4

facts in their complaint[] to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (2013).

## III. **DISCUSSION**

As an initial matter, Debtor only appeals the Bankruptcy Court's Attorneys' Fees Order (Bankr. ECF No. 361) and its Order for Final Judgment entering a judgment for non-dischargeable damages against Debtor in the amount of $3,050,000 and awarding attorneys' fees and costs against Debtor in the amount of $114,570.27 (Bankr. ECF No. 362). (Notice of Appeal 1; Debtor's Br. 1, ECF No. 5.) Debtor does not appeal either the Bankruptcy Court's order denying his Motion for Reconsideration dated July 19, 2017 (Bankr. ECF No. 318), or the Bankruptcy Court's order granting summary judgment to Putnam dated May 31, 2017 (Bankr. ECF No. 305). Debtor's brief before the Court now, however, is nearly identical to his brief on appeal of the Bankruptcy Court's order denying reconsideration. (*Compare* Debtor's Br., ECF No. 5 *with* Debtor's Br., First Appeal, ECF No. 3.) Debtor failed to properly appeal that decision, however, and that issue is not before the Court now.[3]

Similarly, although Debtor appeals the Attorneys' Fees Order and Order for Final Judgment, his brief on appeal does not address the Bankruptcy Court's determination and calculation of damages or attorneys' fees. Instead, Debtor presents the same three issues on appeal as he did in his prior appeal of the Bankruptcy Court's order granting summary judgment. (Debtor's Br. 1.) Putnam argues, accordingly, that "[a]s the Appellant fails to raise any factual or

---

[3] To the extent that Debtor intended to appeal the Bankruptcy Court's order denying reconsideration and its order granting summary judgment to Putnam, as the Statement of Issues in Debtor's brief suggests (*see* Debtor's Br. 1), the Court dismisses Debtor's identical appeal for the same reasons and on the same bases as laid out in the Court's July 30, 2018 Memorandum Opinion. (*See* First Appeal, Mem. Op. 6–9, ECF No. 8.)

5

legal issues in its [b]rief regarding the calculation of damages and the findings of the [c]ourt for the money Judgment entered on March 27, 2020, Appellant has waived any objections to such Judgment." (Appellee's Br. 11–12, ECF No. 6.)

The Court agrees. Debtor has waived any arguments on appeal by failing to meet the requirements of Federal Rule of Bankruptcy Procedure 8014(a)(8), which requires that "the argument . . . must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." This rule "is not only a technical or aesthetic provision, but also has a substantive function—that of providing the other parties and the [C]ourt with some indication of which flaws in the appealed order or decision motivate the appeal." *In re Trans World Airlines, Inc.*, 145 F.3d 124, 132 (3d Cir. 1998). "Thus, a district court may, in its discretion, deem an argument waived if it is not presented in accordance with Rule 801[4]." *Id.*

The Court is mindful that Debtor filed this appeal pro se. Nevertheless, the Court cannot create arguments or litigate Debtor's claims for him. And nothing in Debtor's brief in support of this appeal provides the Court with any basis upon which to even liberally construe Debtor's arguments. Indeed, Debtor's only references to the Order of Final Judgment are found in the first sentence of his brief, "Richard Annunziata, appellant appeals . . . a Money Judgment in favor of [Putnam] and against [Debtor] in the amount of [] $3,050,000.00 and Supplemental Letter Decision Concerning Attorney's Fees," (Debtor's Br. 1 (citations omitted)), and in an argument heading, "[t]he Bankruptcy Court erred in denying motion or application for the entry of an order filed Friday, March 27, 2020 (Docs 361 and 362)[,]" (*id.* at 2). Debtor's "scant references" to the Bankruptcy Court decisions he appeals, without more, are insufficient to support his appeal. *In re Trans World Airlines*, 145 F.3d at 132; *see also Heine v. Wells Fargo Bank, N.A.*, No. 10343, 2020

WL 7417812, at *4 (D.N.J. Dec. 18, 2020) (finding when pro se appellant "ma[de] no arguments whatsoever with respect to the two orders that are purportedly the subject of the [appeal,]" the appellant "abandoned and waived th[ose] issue[s] on appeal.") (citing *Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993); *In re Prommis Holding, LLC*, 665 F. App'x 238, 240 (3d Cir. 2016); *United States v. Menendez*, 831 F.3d 155, 175 (3d Cir. 2016)). The Court finds, therefore, that Debtor has waived these arguments on appeal.[4]

## IV. CONCLUSION

For the foregoing reasons, Debtor's appeal is denied, and the Bankruptcy Court Order for Final Judgment is affirmed. The Court will enter an Order consistent with this Memorandum Opinion.

                                                                           */s/ Michael A. Shipp*
                                                              **MICHAEL A. SHIPP**
                                                        **UNITED STATES DISTRICT JUDGE**

---

[4] Similarly, Debtor failed to raise any arguments regarding damages or the attorneys' fees before the Bankruptcy Court. The Bankruptcy Court noted that in his response to Putnam's damages claim, Debtor "d[id] not address Putnam's calculation of damages" and "[i]nstead, he argue[d] that the $1.5M Judgment will be overturned in the state court and urge[d] this Court to delay this decision until the $1.5M Judgment is overturned." (Letter Decision as to Damages 4, Bankr. ECF No. 359.) The Bankruptcy Court noted that, nevertheless, it has a duty to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty," (*id.* at 6 (citations omitted)), even though "the lack of any meaningful response by Annunziata makes this task more difficult[,]" (*id.*).